# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NOVITAZ, INC.** ) <br> a Delaware Corporation, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **GIMBAL, INC.** ) <br> a Delaware Corporation, ) <br> ) <br> **Defendant.** ) <br> ) | **Civil Action:** _____ <br><br><br> **JURY TRIAL DEMAND** |

## COMPLAINT AND JURY DEMAND

Plaintiff, NOVITAZ, INC., alleges upon information and belief, as follows:

### THE PARTIES

1. Plaintiff, Novitaz, Inc., is a Delaware corporation, having its principal place of business in California and having an office at 320 Tonopah Drive, Fremont, CA 94538.

2. The majority of Plaintiff's Board of Directors reside in Connecticut.

3. Plaintiff's Board of Directors oversee and control Plaintiff's business affairs in Connecticut.

4. Plaintiff controls the present litigation from California and Connecticut.

5. Upon information and belief, Defendant, Gimbal, Inc., is a Delaware corporation, having its principal place of business in California and having an office at 11010 Roselle Street, Suite 150, San Diego, CA 92121.

6. Upon information and belief, Defendant provides its products and services in Connecticut.

1

7. Upon information and belief, Defendant's accused products have been downloaded, installed, and/or used in Connecticut.

8. Defendant advertises the accused products in Connecticut using at least the internet.

9. This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 *et seq.*

10. Jurisdiction of this action arises under 28 U.S.C. § 1338(a). Venue is predicated under 28 U.S.C. § 1391(c).

## COUNT I

11. On June 14, 2011, United States Patent Number 8,229,787 (hereinafter "'787 Patent") entitled "Customer Relationship Management System for Physical Locations" was duly and regularly issued. A copy of the '787 Patent is attached hereto as Exhibit "A".

12. Plaintiff is the owner of the '787 Patent.

13. Upon information and belief, Defendant has directly infringed at least one of the claims of the '787 Patent by offering for sale and having made, used or sold customer relationship management systems through the Gimbal Platform, Gimbal Marketplace, and Gimbal Manager (collectively referred to as the "Gimbal Platform"), and through other applications using Gimbal's Software Development Kit ("SDK") that duly embody the invention as claimed herein; such infringement was willful and deliberate.

14. Defendant makes, uses, sells, and offers for sale the Gimbal Platform.

15. The '787 Patent relates, generally, to an improved method of customer relationship management in a physical environment.

16. The '787 Patent discloses methods for detecting a customer's presence in a

business establishment, storing a plurality of tracked events that the customer engages in while in the business establishment, and determining a marketing message for the customer based on the tracked events.

17. An improvement provided by the '787 Patent is enabling more personalized service for a customer upon entry and throughout the customer's visit to a business establishment. The '787 Patented invention enables targeted marketing and sales promotions (up-sell/cross-sell) for individual customers.

18. Defendant's Gimbal Platform enables Defendant's customers to provide improved in-store marketing and customer engagement.

19. Defendant markets its services as being able to "engage with people based on their location and interests … stars with location using cloud based manager … draw geofence boundaries around a store, neighborhood, or city, and its SDK lets you add location awareness to existing apps … recognizes when a user has crossed a geofence … superstore can reach customers when they arrive in the parking lot and also when they walk in the door." *See* http://www.gimbal.com/platform/complete-gimbal-platform (last visited July 7, 2016).

20. Gimbal users, and users of Gimbal-enabled apps, register for the app. Such registration constitutes an interaction of the customer with a website associated with a business establishment as required by the independent claims of the '787 Patent.

21. Gimbal describes "Experiences" as a "rich media solution within the Gimbal service." *See* https://docs.gimbal.com/experiences.html (last visited Sept. 5, 2016). Through these "Experiences," location-based marketing messages may be delivered to customers. This location-based marketing message delivery infringes certain claims of the '787 Patent.

22. Gimbal Platform provides beacons to be used in supported physical

establishments for enabling its app (and other supported apps) to detect a user's physical location within an establishment.

23. Gimbal and its partners provide marketing messages to its users.

24. Gimbal and its partners store a plurality of tracked customer events within a physical establishment.

25. Gimbal Platform infringes certain claims of the '787 Patent.

26. Plaintiff has been damaged by the acts of infringement complained of herein.

27. Plaintiff has no adequate remedy without intervention of this Court.

28. Novitaz has requested Gimbal provide Novitaz access to Gimbal's source code to show how Gimbal infringes certain claims of the '787 Patent, and to complete Novitaz's investigation of certain other claims of the '787 Patent. Gimbal has refused to provide this access.

29. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. An injunction be granted preliminarily and permanently restraining Defendant and all those in privity with it from further infringement of Plaintiff's '787 Patents.

B. Defendant be required to account to Plaintiff for the damages recoverable by Plaintiff under 35 U.S.C. § 284 as a result of the wrongful making, using, and selling of Plaintiff's inventions as claimed in the '787 Patent, the exact extent of which cannot now be determined by Plaintiff, and that all of such damages be trebled.

C. Plaintiff be awarded reasonable attorney fees;

D. Plaintiff be allowed its costs; and

E. Such other and further relief be granted to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

Date: September 14, 2016

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack, ct29409
GrayRobinson, P.A.
401 E. Jackson Street
Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (facsimile)
woodrow.pollack@gray-robinson.com

*Counsel for Plaintiff*